## Bense v. Firemen's Pension Fund of Philadelphia

*Rowland C. Evans, Jr.*, for plaintiff.

*Alexander F. Barbieri*, for defendant.

SLOANE, P. J., January 11, 1960.—By this suit in assumpsit, plaintiff, Mary V. Bense, the widow of Daniel J. Bense, a Philadelphia fireman who died September 13, 1956, admittedly from injuries suffered in the line of duty, seeks from defendant, The Firemen's Pension Fund of Philadelphia, a survivor's pension. This form of pension is only payable where death was due to injuries in the line of duty, and under other circumstances which are set forth in the by-laws of defendant. The City of Philadelphia was permitted to intervene as a defendant.

Plaintiff's claim is made under article XII, sec. 3 of the defendant's by-laws, which provides that no pension is payable to any pensioner's survivors, unless the pensioner had been receiving an injury type pension during his lifetime and died from the injuries suffered within 12 months after the date when he was placed upon the pension rolls. Daniel Bense was placed on the

pension rolls of defendant on February 10, 1956, and died September 13, 1956; thus, his death occured within the said 12 month period. However, he had applied for, and was awarded, a service pension rather than an injury pension. Under the facts stipulated and a brief record of testimony, it would appear that Daniel J. Bense, the decedent, had an option to select either an injury pension or a service pension, as his service in the Fire Department commenced February 10, 1936. Plaintiff, however, takes the legal position that decedent was not eligible to receive a service pension on the date when it was granted to him for the reason that decedent became disabled on June 8, 1954, and since his appointment as a fireman was dated February 1936, he had failed to meet the service requirement of 20 years of "active service", as required by the by-laws providing for a service pension.

Plaintiff's contention is that decedent had not accrued 20 years of "active service" when he applied for a pension, but that he was then disabled from injuries suffered in the line of duty, and the board of control of The Firemen's Pension Fund of Philadelphia could only grant him an injury pension. It is plaintiff's contention that this court should declare that the pension granted decedent was in fact an injury pension despite the fact that decedent had applied for, and was granted, a service pension. The sole issue in this case, therefore, is whether or not decedent had accrued 20 years of "active service" during the 20 year period from February 10, 1936, to February 10, 1956.

It is contended by defendant and by the City, the intervening defendant, that decedent, Daniel J. Bense, had accrued the full 20 years of "active service". This accrual of time is computed by adding to the period of actual duty as a fireman, the period from June 8, 1954, to February 10, 1956, during which time decedent was carried at full fireman's pay on the rolls of the City,

but during which period he performed no actual fire-fighting duties. By regulation no. 32 of the Civil Service Commission of the City of Philadelphia and by ordinance of City Council, both enacted in 1954 prior to the date when decedent was injured, the terms by which a fireman who was disabled in the line of duty is permitted to accrue all the rights of a fireman as though he were actually performing fire duty during the period in question, are set forth. The intervening defendant, the City of Philadelphia, contends that the Civil Service Regulation and the ordinance of City Council are of such force that they may have the effect of altering or amending the by-laws of defendant, The Firemen's Pension Fund of Philadelphia, even though that organization is a duly chartered, private, non-profit corporation. It is not necessary to the determination of the instant case that the court pass upon the validity of said contention, as it is clearly evident that the board of control of The Firemen's Pension Fund was within its rights in determining that decedent had accrued 20 years of service for the purpose of qualifying for a service pension.

In the opinion of the court, it is appropriate for the board of control of The Firemen's Pension Fund, in deciding whether or not an applicant has accrued 20 years of service, to look to the employer (the intervening defendant, City of Philadelphia) for certification as to the length of "active service" performed by the applicant. Said "active service" may be composed in part by substitutionary service authorized by statute, ordinance of Council or Civil Service regulation. The City, as the employer, determines what constitutes "active service", and, in construing its by-laws, the board of control of The Firemen's Pension Fund accepts the determination of "active service" as certified by the employer. Clearly, in this case the applicant had accrued 20 years of "active service" and qualified

to apply for either a service pension or a disability pension.

An applicant having freely selected to accept a service type pension, as opposed to a disability pension, is bound by his selection. It is only upon a showing of facts which cast doubt upon the freedom of selection accorded the applicant that the board of control may review its determination as to the pension which was granted. In the instant case, the board of control has consented to review the propriety of its action of February 10, 1956, when it granted the applicant a service pension. The reason for said review is founded upon the contention that the applicant was not properly informed of, and acquainted with, his right to select either a service pension or a disability pension and, in effect, made his selection involuntarily.

Accordingly, the court remands the case to the board of control of The Firemen's Pension Fund of Philadelphia for such reconsideration, if any, it may deem proper in the instant matter. The court retains jurisdiction of the matter for such further action as may be appropriate after the board of control has had an opportunity to review its action of February 10, 1956.